# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

THEODORE W. OSWALD,

        Petitioner,

v.                     Case No. 15-CV-1280

WILLIAM POLLARD,

        Respondent.

## ORDER ON THE PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner Theodore W. Oswald, incarcerated pursuant to the judgment of a Wisconsin Circuit Court, filed a petition for a writ of habeas corpus. Oswald has consented to the full jurisdiction of a magistrate judge (ECF No. 7) and therefore the court must now screen his petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases.

Rule 4 of the Rules Governing Section 2254 Cases states:

If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Having reviewed the petition, the court is unable to say that it is plainly apparent that the petitioner is not entitled to relief. Therefore, the respondent shall answer the petition.

The Clerk of Court shall promptly serve the respondent by service of a copy of the petition and this order upon the State of Wisconsin Attorney General.

Within **60 days** of the date of this order, the respondent shall either answer the petition in accordance with Rule 5 of the Rules Governing Section 2254 Cases or file a motion to dismiss. An optional supplemental brief in opposition to the petition may be filed along with the answer to the petition.

Within **28 days** of the respondent's answer or motion to dismiss, the petitioner shall submit a brief in response.

In the event the respondent files a motion to dismiss, the respondent shall have **14 days** from the petitioner's response in which to file a reply.

Unless the court determines that additional proceedings are necessary, this shall conclude the briefing in this matter. The court shall then resolve the petition on the written record.

Oswald has also requested that counsel be appointed to represent him in this matter. (ECF No. 3.) The court defers ruling on this matter until after the filing of the respondent's answer, at which time the court will be better able to assess the complexity of this matter and the need for counsel.

Finally, Oswald asks the court to obtain a transcript of the May 31, 2005 sentencing hearing. (ECF No. 4.) This motion is **denied as moot**. In accordance with Rule 5 of the Rules Governing Section 2254 Cases, the respondent will provide all portions of the transcript he considers relevant. If the respondent fails to provide this transcript and the court concludes it is relevant to the issues raised by Oswald in his petition, the court will on its own motion order the respondent to provide the transcript.

**SO ORDERED.**

Dated at Milwaukee, Wisconsin this 2nd day of November, 2015.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge